UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERRICK V. SMITH** | : | **DOCKET NO. 2:21-cv-1633**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL BUREAU OF PRISONS, ET AL** : | | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is the second amended civil rights complaint (doc. 8) filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Derrick V. Smith, who is proceeding pro se and in forma pauperis in this matter. The matter was originally filed in the Western District of Texas (doc. 1) and transferred to this Court on June 11, 2021 (doc. 4). At the time of filing, Smith was an inmate in the custody of the Bureau of Prisons, incarcerated at the Federal Correctional Institution at Oakdale, Louisiana (FCI-Oakdale).

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED,** and the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

### I.
#### BACKGROUND

Smith's complaint raises claims against three separate entities. First, he asserts that defendant Mr. Lemieux, who was to secure his evidence compact disc, did not return it and his disc was "never seen again." Doc. 8, p. 3.

Next, he brings a claim against FCI-Oakdale, alleging that he "followed their procedure for a medical transfer due to health conditions." *Id.* Finally, he complains that the Federal Bureau of Prisons "followed their procedures in administrative remedy that resulted into no action being taken until to (sic) late." *Id.*

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Smith has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

### C. Analysis

#### 1. *Deprivation of Property Claim*

In *Hudson v. Palmer*, 104 S.Ct. 3194, 82 L.Ed. 2d (1984), the Supreme Court held that, regardless of whether a government employee intentionally or negligently deprived an inmate of his or her property, the deprivation does not violate the due process clause as long as the inmate has adequate post-deprivation remedies available under state law. *Id*. at 533; see also, *Sun v. U.*S., 49 F. 3d 728 [published in full-text format at 1995 U.S. App. LEXIS 43512], 1995 WL 103351 (5th Cir., March 1, 1995) (extending the holding of *Hudson* to federal prisoners). In *Daniels v. Williams*, 106 S. Ct. 662 (1986), the Supreme Court held that "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id*. at 328.

In this case, to the extent Plaintiff's claim is that Lemieux negligently destroyed his personal property, there has been no deprivation of property under the due process clause.

To the extent Plaintiff's claim is that Lemieux intentionally confiscated or destroyed his property, the relevant inquiry is whether an adequate post-deprivation remedy was available to Plaintiff to address the loss of his property. *Omran v. United States*, No. 15-CV-1418, 2015 U.S.

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

Dist. LEXIS 89375 (W.D. La. June 9, 2015).  In this case, Plaintiff had adequate post-deprivation remedies available to him through the BOP administrative remedy process. The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. See 28 C.F.R. §§ 542.10 through 542.19.

The BOP also has an administrative tort claims procedure whereby an inmate may file a claim with regard to his damaged or lost property. See 28 C. F.R. §§ 543.30 through 543.32. Numerous courts have held that the Tort Claims Act represents an adequate post-deprivation remedy for prisoners complaining of deprivation of personal property. *See Salter v. Nickerson*, 2013 U.S. Dist. LEXIS 32704, 2013 WL 866198 (E.D. Tex. 2013), *citing Marulanda v. U.S. Marshals Service*, 467 Fed.Appx. 590, 2012 WL 210559 (9th Cir., 2012) (holding that Congress has provided an adequate post- deprivation remedy for the unauthorized acts of a federal employee, citing 31 U.S.C. §3724 (a), so the plaintiff had no claim for the destruction of his property under *Hudson*); *Bonneau v. Maxwell*, No. 3:12cv130, 2012 U.S. Dist. LEXIS 119483, 2012 WL 3644140 (D.Ore., August 23, 2012) (31 U.S.C. §3724 foreclosed *Bivens* claim for destruction of property by government officials).

Thus, because Plaintiff had adequate post-deprivation remedies available to him, he fails to state a due process claim upon which relief may be granted, and his property deprivation claim against Lemieux under *Bivens* must be dismissed.

### *2. Improper Parties*

Plaintiff also brings claims against the Federal Bureau of Prisons and FCI-Oakdale. The correctional institution and the Bureau of Prisons are federal agencies which are immune from suit under the doctrine of sovereign immunity. A civil rights or *Bivens* action is only available against

individual "persons," not against agencies of the United States government. Accordingly, these parties are not proper defendants and should be dismissed from this lawsuit.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE